T. W. HOLTON v. NORFOLK SOUTHERN RAILROAD COMPANY.

(Filed 18 March, 1914.)

Carriers of Goods — Negligence — Live Stock—Trial—Issues—Evidence.

It appearing in this case that the question of defendant railroad company's negligence and its liability for damages to a shipment of live stock was made to depend upon an issue as to whether a stock chute, used for unloading the stock, was defective, and as a fact from the record on appeal that the "chute was of the character and construction ordinarily" used for the purpose, "was in good condition and apparently had no defects," a new trial is ordered.

APPEAL by defendant from *Whedbee, J.,* at November Term, 1913, of CRAVEN.

Civil action to recover damages for injuries to live stock shipped over road of defendant company. Verdict and judgment for plaintiff, and defendant excepted and appealed.

*Moore & Dunn* for defendant.
*No counsel contra.*

HOKE, J.  The evidence in the cause is not very fully stated
in the case on appeal agreed upon by counsel, and we find some
difficulty in making satisfactory disposition of the questions
presented.  From a perusal of the evidence, in so far as given,
and a statement of the positions of the parties, plaintiff and
defendant, made in his Honor's charge to the jury, it appears
that a lot of live stock, horses and mules, were shipped to plain-
tiff over defendant company's road; that they were transported
to New Bern, the terminal point, in good condition, and one or
more of them were injured in being unloaded.  It seems that
plaintiff was present at this unloading, and that some of the
stock pushed against others as they were passing down the stock
chute, and the rail of the chute gave away, causing one or more
of the horses to fall, by reason of which the injury occurred.

It is well understood that railroad companies transporting
live stock, under an ordinary contract of shipment, are consid-
ered as common carriers and held as insurers of safe delivery,
except "for injuries arising from the natural vices or the in-
herent nature and propensities of the animals themselves or
from the vitality of the freight, as it is sometimes expressed,"
and as to these, the carriers are only responsible for injuries
attributable to their negligence.  *Harden v. R. R.,* 157 N. C.,
238.

In recognition of this principle, the present case was deter-
mined on an issue as to the company's negligence, and the
court, being of opinion that the question depended on whether
the stock chute was rotten or defective, submitted the case in
that aspect, and there was verdict for the plaintiff.  In the
opening of the case on appeal, however, the statement appears:
"That the slide or chute was of the character and construction
ordinarily used by the road for this purpose"; "that the same
was in good condition and apparently had no defects."  From
this it would seem, as the record now appears, that there was no

testimony tending to show that the chute was rotten or defective, and there was prejudicial error in directing the jury to decide the issue on that question.

After giving the matter most careful consideration, we are of opinion that there should be a new trial of the cause, and it is so ordered.

New trial.